IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-101-H

| | |
|---|---|
| SAS INSTITUTE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| AKIN GUMP STRAUSS HAUER & ) | |
| FELD, LLP and MICHAEL L. KIKLIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This cause comes before the Court upon Plaintiff's motion to strike Defendants' Fifth, Ninth, and Tenth Defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Motion to Strike"). (DE-32). Defendants have responded to this motion (DE-39), and Plaintiff has filed a reply. (DE-42). Accordingly, the motion is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.3, this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion to Strike (DE-32) be GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

In April 2007, Plaintiff was approached by non-party IBM regarding the possibility of entering into a cross-licensing agreement. (DE-1, ¶ 15). Plaintiff retained Defendants for this cross-licensing matter. *Id.* at ¶ 15, 16. Defendant Kiklis subsequently had a number of conversations with Tim Wilson, Senior IP Counsel for Plaintiff, regarding the IBM cross-licensing agreement and a separate patent infringement lawsuit filed against Plaintiff by a company named

Diagnostic Systems Corporation. In those conversations, Mr. Wilson revealed to Defendants Plaintiff's strategy for responding to allegations of patent infringement. *Id.* at ¶ 17.

During this same time period, Defendants represented non-party JuxtaComm. On August 17, 2007, Defendants filed a patent infringement suit on behalf of JuxtaComm in the United States District Court for the Eastern District of Texas ("JuxtaComm I"). (Compl. ¶ 25). SAS was not named as a defendant in that suit However, on January 21, 2010, Defendants sued Plaintiff for patent infringement on behalf of JuxtaComm ("JuxtaComm II). Plaintiff asserts that the allegations in JuxtaComm I and JuxtaComm II "appear to be identical." (DE-33, pg. 3).

Plaintiff requested that Defendants withdraw from their representation of JuxtaComm. *Id.* at ¶ 37. Defendants refused this request. Thereafter, Plaintiffs moved to disqualify Defendants as counsel in JuxtaComm II. *Id.* That motion was denied by the District Court for the Eastern District of Texas on November 29, 2010. *Id.*

The instant action was filed on March 17, 2010, alleging constructive fraud and breach of contract. Plaintiff asserts that "Defendants obtained confidential client information from [Plaintiff] and failed to inform [Plaintiff] of a conflict of interest that resulted from its representation of . . . JuxtaComm." (DE-1, pg. 1). Specifically, Plaintiff contends that by prosecuting the JuxtaComm claims, Defendants have created a situation in which Plaintiff's confidential client information will necessarily be used against it. Defendants moved to dismiss the instant complaint on May 26, 2010. (DE-12). Defendants' motion to dismiss was denied on March 22, 2011, and they filed their Answer on April 5 2011. (DE's 26 & 28). This Answer denied all liability and asserted 13 affirmative defenses. (DE-28).

Plaintiff filed the instant motion to strike on April 29, 2011. (DE-33). In its motion to strike, Plaintiff contends that Defendants' fifth, ninth and tenth defenses are insufficient as a matter of law and should be stricken. Likewise, Plaintiff argues that the factual allegations contained in paragraph 37 should also be stricken because these allegations relate to the insufficient defenses.

## ANALYSIS

## MOTION TO STRIKE

Plaintiff seeks to have several of Defendants' affirmative defenses stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) states, in pertinent part: ". . .[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . .on its own; or . . .on motion made by a party" F.R.Civ.P. 12(f). The granting of such relief, however, has been long-considered to be "a drastic remedy which is disfavored by the courts and infrequently granted." Palmer v. Oakland Farms, Inc., 2010 WL 2605179, * 1 (W.D.W.Va. June 24, 2010). Specifically, Rule 12(f) motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic" Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)(internal quotations omitted). Traditionally, the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant, and even when technically appropriate and well-founded, such motions are often denied in the absence of demonstrated prejudice to the moving party. Palmer, 2010 WL 2605179, * 1 (internal citations omitted). See also, First Financial Sav. Bank v. Am. Bankers Ins. Co., 783 F.Supp. 963, 966 (E.D.N.C., 1991). Likewise, in reviewing motions to strike defenses, federal

3

courts have traditionally viewed the pleading under attack in a light most favorable to the pleader and have stricken the defense only when it has no possible relation to the controversy. Palmer, 2010 WL 2605179, * 2 (internal citations omitted). Moreover, whenever granted, the defendant should generally be given leave to amend. *Id. See also*, 5C Wright & Miller § 1381 (3rd ed.2004).

More specifically, "[m]otions to strike are viewed with such disfavor 'because it is difficult to establish that a defense is clearly insufficient. '" First Financial., 783 F.Supp. at 966 (*quoting* Spell v. McDaniel, 591 F.Supp. 1090, 1112 (E.D.N.C. 1984)). An insufficient defense is one that "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action." Waste Management, 252 F.3d at 347 (internal quotation omitted). Likewise, a defense is also insufficient if it is clearly invalid as a matter of law. Spell, 591 F.Supp. at 1112. Finally, because the moving party must demonstrate prejudice, "motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party." Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543,547-548 (E.D.N.C. 2005).

The relevant portions of Defendant's Answer shall now be considered in turn.

## FIFTH AFFIRMATIVE DEFENSE

In their Fifth Affirmative Defense, Defendants allege: "SAS has mischaracterized to the United States District Court in Texas and to this Court the facts related to [Defendant] Kiklis' representation of SAS, and SAS does not have clean hands, which is pled in bar of this action." (DE-1, pg. 9).

"The doctrine of unclean hands prevents a plaintiff from obtaining equitable relief if the plaintiff has been guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." Worldcom, Inc. v. Boyne, 68 Fed. Appx. 447, 451 (4th Cir. 2003)(internal citations omitted).

In support of its request to strike this defense, Plaintiff essentially argues that the doctrine of unclean hands is factually inapplicable in this case. (DE-42, pg. 8-11). While this argument may ultimately be proven true, at this time the undersigned must view the Answer in a light most favorable to the Defendants. Here, Defendants allege that Plaintiff "does not have clean hands." If proven true, that allegation would prevent Plaintiff from obtaining equitable relief. Worldcom, Inc., 68 Fed. Appx. at 451. In this posture, it cannot be said that Defendants' Fifth Affirmative Defense is clearly insufficient. Accordingly, it is HEREBY RECOMMENDED that this portion of Plaintiff's Motion to Strike be DENIED.

**NINTH AND TENTH AFFIRMATIVE DEFENSES**

In their Ninth Affirmative Defense, Defendants allege:

> In bar to the claims of the Plaintiff, the Defendants allege on information and belief that the Plaintiff filed this lawsuit against the Defendants at the same time that it filed a motion in Texas to disqualify the Defendants as counsel for JuxtaComm, and that such actions were a ploy to force JuxtaComm either to dismiss with prejudice the Plaintiff and Dataflux as defendants in the JuxtaComm-Texas Software, LLC Axway Inc. et al., CAN 6:1O-CV-000ll (E.D. Texas) proceeding or to lose the Defendants as counsel for JuxtaComm, which Plaintiff knew JuxtaComm could not do because of Defendants' familiarity with the JuxtaComm case.

(DE-28, pg. 9-10).

Similarly, in their Tenth Affirmative Defense, Defendants allege:

5

> The filing of this action against Defendants, in conjunction with the simultaneous filing of the Motion to Disqualify Defendants as counsel for JuxtaComm in the Texas litigation, constitute an abuse of process.
>
> (DE-28, pg. 10).

Defendants elaborate on these defenses as follows:

> The Defendants contend that SAS is using this action and its motion to disqualify in JuxtaComm II as a ploy to coerce JuxtaComm to dismiss it with prejudice as a defendant in that action. The Defendants are entitled to present this defense in challenge to the Plaintiffs credibility. The jury is entitled to hear evidence that this lawsuit is a smokescreen for SAS' actual goal, avoiding liability to JuxtaComm. A jury can easily conclude that the Plaintiffs claims lack merit upon hearing evidence as to the Plaintiff's scheme . . .
>
> It is an abuse of process to bring a lawsuit to accomplish some purpose for which the process was not intended. Here, the Defendants contend that SAS brought this lawsuit for the purpose of coercing the dismissal of the patent infringement claims made against it in Texas.
>
> (DE-39, pg. 6).

In short, Defendant allege abuse of process as an affirmative defense.

Plaintiff contends that "Defendants fail to explain how a supposed 'ploy' to force JuxtaComm either to dismiss its case against SAS or to lose Defendants as counsel absolves Defendants liability for breach of contract and constructive fraud." (DE-33, pg. 6)(emphasis in original omitted). The crux of Plaintiff's argument is that abuse of process is not an affirmative defense to its claims. Rather, abuse of process is more properly raised as a counterclaim. The undersigned agrees. *See*, Smith v. Pallman, 596 S.E. 2d 472, * 4 (N.C.App. 2004)(unpublished decision)(holding that abuse of process was not an affirmative defense to a foreclosure proceeding).

6

Thus, Plaintiff correctly argues that Defendants inappropriately pled abuse of process as an affirmative defense. Accordingly, the undersigned RECOMMENDS that Defendants' Ninth and Tenth Affirmative Defenses be stricken. It is further RECOMMENDED that paragraph 37 of Defendants' Answer also be stricken, because that paragraph relates to the abuse of process allegations.

However, as noted above, when a motion to strike is granted, the defendant should generally be given leave to amend. Therefore, it is RECOMMENDED that Defendants be given leave to amend their answer to properly state abuse of process as a counterclaim. Plaintiff argues that "the Court should not allow designation as a counterclaim because Defendants have no right to pursue such claim [because] . . . Defendants cannot allege any plausible set of facts establishing a claim for abuse of process." (DE-33, pg. 12). This argument is overbroad, as Plaintiff has not established—at this stage of the proceedings—that there is no set of plausible facts upon which Defendants could succeed upon an abuse of process counterclaim.

**CONCLUSION**

For the foregoing reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion to Strike (DE-32) be: 1) DENIED with regard to Defendants' Fifth Affirmative Defense; 2) GRANTED with regard to Defendants' Ninth Affirmative Defense; 3) GRANTED with regard to Defendants' Tenth Affirmative Defense; and 4) GRANTED with regard to paragraph 37 of Defendants' Answer. However, it is further RECOMMENDED that Defendants be given leave to file an amended answer to properly allege abuse of process as a counterclaim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, June 27, 2011.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE