IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-101-H

| | |
|---|---|
| SAS INSTITUTE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| AKIN GUMP STRAUSS HAUER & ) | |
| FELD, LLP and MICHAEL L ) | |
| KIKLIS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion to strike defendants' fifth, ninth and tenth defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure [DE #32]. Defendants have responded, and plaintiff has filed a reply. United States Magistrate Judge William A. Webb issued a Memorandum and Recommendation (M&R) on June 27, 2011, recommending that plaintiff's motion to strike be granted in part and denied in part. The parties have filed objections as well as responses to the objections. This matter is ripe for adjudication.

Following denial of their motion to dismiss, defendants filed an answer on April 5, 2011, denying all liability and

asserting thirteen affirmative defenses. Plaintiff filed the instant motion to strike contending that defendants' fifth, ninth and tenth defenses are insufficient as a matter of law and should be stricken. Plaintiff also argues that the factual allegations contained in paragraph 37 should be stricken because these allegations relate to the insufficient defenses.

Rule 12(f) provides, in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on its own; or . . . on motion made by a party." Fed. R. Civ. P. 12(f). The granting of such relief, however, has been long considered to be "a drastic remedy which is disfavored by the courts and infrequently granted." Palmer v. Oakland Farms, Inc. 2010 WL 2605179 (W.D. Va. June 24, 2010). Rule 12(f) motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

**Fifth Affirmative Defense**

In their fifth affirmative defense, defendants allege: "SAS has mischaracterized to the United States District Court in Texas and to this Court the facts related to [Defendant] Kiklis'

2

representation of SAS, and SAS does not have clean hands, which is pled in bar of this action." (Answer at 9.) Judge Webb recommends that this portion of plaintiff's motion to strike be denied because if, as defendants allege, plaintiff does not have clean hands, plaintiff would be prevented from obtaining equitable relief. See Worldcom, Inc. v. Boyne, 68 Fed. Appx. 447, 451 (4th Cir. 2003).

Plaintiff objects to this recommendation, arguing that a defendant may not assert the defense of unclean hands where that defense is premised on conduct unrelated to the transaction giving rise to the lawsuit. Plaintiff contends that for the defense of unclean hands to apply, a plaintiff must have acted in some wrongful manner during the transaction at issue. See, e.g., Zukowski v. Dunton, 650 F.2d 30, 35 (4th Cir. 1981) ("to bar recovery under the clean hands doctrine, the plaintiff's wrongful action against defendant must result from the same transaction.").

At this stage of litigation, viewing the defense in the light most favorable to the defendant, it is unclear whether "unclean hands" may ultimately prove a legitimate defense. Therefore, this court agrees with the magistrate judge's recommendation and DENIES that portion of plaintiff's motion to strike that relates to the Fifth affirmative defense.

3

**Ninth and Tenth Affirmative Defenses**

In their Ninth Affirmative Defense, defendants allege:

> In bar to the claims of the Plaintiff, the Defendants allege on information and belief that the Plaintiff filed this lawsuit against the Defendants at the same time that it filed a motion in Texas to disqualify the Defendants as counsel for Juxtacomm, and that such actions were a ploy to force Juxtacomm either to dismiss with prejudice the Plaintiff and Dataflux as defendants in the <u>JuxtaComm-Texas Software, LLC Axway Inc. et al.</u>, CAN 6:10-CV-00011 (E.D. Texas) proceeding or to lose the Defendants as counsel for Juxtacomm, which Plaintiff knew Juxtacomm could not do because of Defendants' familiarity with the Juxtacomm case.

(Answer at 9-10.)

Similarly, in their Tenth Affirmative Defense, defendants allege:

> The filing of this action against Defendants, in conjunction with the simultaneous filing of the Motion to Disqualify Defendants as counsel for Juxtacommin the Texas litigation, constitute an abuse of process.

(Answer at 10.)

Defendants elaborate on these defenses as follows:

> The Defendants contend that SAS is using this action and its motion to disqualify in JuxtaComm II as a ploy to coerce JuxtaComm to dismiss it with prejudice as a defendant in that action. The Defendants are entitled to present this defense in challenge to the Plaintiff's credibility. The jury is entitled to hear evidence that this lawsuit is a smokescreen for SAS' actual goal, avoiding liability to JuxtaComm. A jury can easily conclude that the Plaintiff's claims lack merit upon hearing evidence as to the Plaintiff's scheme.

4

> . . . It is an abuse of process to bring a lawsuit to accomplish some purpose for which the process was not intended. Here, the Defendants contend that SAS brought this lawsuit for the purpose of coercing the dismissal of the patent infringement claims made against it in Texas.

(Def.'s Resp. Mot. Strike at 6.)

The magistrate judge agreed with plaintiff that abuse of process is more properly raised as a counterclaim and therefore recommends striking defenses Nine and Ten as well as granting leave to amend for defendants to assert such a counterclaim if desired.

Defendants object, arguing that the magistrate judge misunderstood their contentions. Defendants state that the defenses are not affirmative defenses that bar recovery by a plaintiff even if the plaintiff's allegations are true, but rather the defenses summarize the defendants' theory for why the plaintiff would bring false claims based upon untrue allegations and why the plaintiff's allegation as to its reason is untruthful.

In light of defendants' representation that their Ninth and Tenth Defenses are not affirmative defenses that operate to bar recover under Rule 8 of the Federal Rules of Civil Procedure, the court hereby STRIKES the following language from defendants' Ninth Defense: "In bar to the claims of the Plaintiff." The

5

remainder of defendants' Ninth and Tenth Defenses and paragraph 37 of defendants' answer are in response to the allegations of plaintiff's complaint. Plaintiff's motion to strike those portions of defendants' answer is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike is GRANTED in Part and DENIED in part as detailed above.

This 9th day of November 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26