UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CV-101-H

| SAS INSTITUTE INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| AKIN GUMP STRAUSS HAUER & FELD, LLP, and MICHAEL L. KIKLIS, | ) | |
| Defendants. | ) | |

This cause comes before the Court upon a motion by Plaintiff SAS Institute, Inc. ("SAS") to amend its complaint. (DE-70). Also pending are SAS's motions to seal (DE-73) and for extension of time to complete discovery. (DE-89, 96). These motions were referred to the undersigned January 5, 2012 and are ripe for adjudication. For the reasons set forth herein, the motions are GRANTED.

**Motion to Amend Complaint (DE-70)**

SAS states that discovery in this case has yielded documents that "expand the nature and scope of the conflict of interest" that SAS alleges existed between Akin Gump, Juxtacomm and SAS. (DE-70, p.3). Accordingly, SAS seeks to amend its complaint in order to expand upon its allegations of constructive fraud and breach of contract against Akin Gump. Rule 15(a) states that "[t]he court should freely give leave"

1

to the parties to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *See* Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the proposed amended complaint does not state any new claims of action against Akin Gump or add any additional defendants. There is no evidence of bad faith on SAS's part, nor does it appear that any amendment would be futile. Finally, Akin Gump does not "actively oppose" the motion to amend. (DE-84, pp.1-2). Accordingly, SAS's motion to amend the complaint is GRANTED.

**Motion to Seal (DE-73)**

SAS seeks to seal its proposed Exhibit B to its amended complaint, which are documents marked "Highly Confidential—Attorneys' Eyes Only." Such documents are protected under the terms of the Court's order entered December 20, 2011. (DE-81). SAS's motion to seal (DE-73) is therefore GRANTED.

**Motions for Extension of Time to Complete Discovery (DE-89, DE-96)**

SAS requests the Court extend the time to serve its responses to Akin Gump's second set of interrogatories and second requests for production of documents by an

additional thirty days, to and including February 8, 2012. Akin Gump consents to the motions. As there is no evidence of bad faith or undue delay, the motions (DE-89, DE-96) are GRANTED. The time in which SAS may serve its responses to Akin Gump's second set of interrogatories and second requests for production of documents is accordingly expanded up to and including February 8, 2012.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 10th day of January, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE